ALABAMA & G. S. R. Co. *v.* CARNEY ET AL.

[68 South. 166.]

RAILROADS. *Accidents at crossings. Burden of proof. Due care.*
Under Code 1906, section 1985, providing that in all actions against a railroad company proof of injury inflicted by the running of locomotives or cars shall be *prima facie* evidence of want of care the burden imposed on a railroad company to negative negligence resulting in the death of a person at a crossing, is not met by evidence that the locomotive was properly equipped and carefully operated, where it further appeared that the sound signals on approaching the crossing, required by Code 1906, section 4045, were not given.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

Suit by D. A. Carney and others against the Alabama & Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Catchings & Catchings,* for appellant.

*J. W. McCall, G. Q. Hall, Hall & Jacobson,* and *J. B. Harris,* for appellee.

COOK, J., delivered the opinion of the court.

This is an action for the recovery of damages for causing the death of the son and brother of plaintiffs. It was alleged and proven that the deceased was killed at a public crossing by the running of the cars or locomotive of defendant. To meet the burden imposed by section 1985, Code 1906, the defendant undertook to show how all trains that had passed over this crossing were equipped and operated.

It is claimed by defendant that the evidence shows that a certain train was the train which killed the deceased. It is also claimed that this train was carefully operated, and was equipped with all appliances necessary to the easy control of the locomotive. It is the contention of defendant that the *prima facie* statute was fully met, and that defendant was entitled to an instruction directing a verdict for it. On the other hand, plaintiffs contend that they were entitled to a peremptory instruction.

It appears from the evidence that section 4045, Code 1906, was entirely ignored by the employees of the railroad company in charge of this train, in that the whistle was not blown or the bell rung continuously from the time the locomotive reached a point three hundred yards from the crossing until the locomotive had passed over the highway. This was a violation of the plain mandate of the law, and it follows that the burden of the statute was not met.

*Affirmed.*